UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x

GREGORY GORDON, AJANI EDWARDS, TREVIN TAYLOR AND JAMEEL BAKER,

                                            Plaintiffs,

                 -against-

THE CITY OF NEW YORK, POLICE OFFICER DORREJO #2595, POLICE OFFICER CARLOS ANTON, POLICE OFFICER SASHUN AND JOHN DOE POLICE OFFICERS #1-2,

                                            Defendants.

---------------------------------------------------------------- x

CV 12 - 3005

COMPLAINT AND JURY DEMAND

ECF CASE

SUMMONS ISSUED
AMON, C.H.J.
POLLAK, M.J

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiffs seek relief for the violation of their rights secured by 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2. The claims arise from an August 19, 2011 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiffs to, among other things, assault, false arrest, and false imprisonment.

3. Plaintiffs seek monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 U.S.C. §1331, 42 U.S.C. §1983, and the First, Fourth and Fourteenth Amendments to the United States Constitution. Pendent party jurisdiction and supplementary jurisdiction over plaintiffs' state law claims are asserted.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Eastern District of New York in that Defendant City of New York is located within, and the events occurred within, the boundaries of the Eastern District of New York.

## PARTIES

7. Plaintiffs are citizens of the United States and at all times here relevant, resided in Kings County, City and State of New York.

8. The City of New York is a municipal corporation organized under the laws of the State of New York. At all times relevant hereto, Defendant City, acting through the New York Police Department (or "NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel. In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

9. All others individual defendants ("the officers") are employees of the NYPD, and are sued in their individual capacities.

10. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## NOTICE OF CLAIM

11. Within 90 days of the events giving rise to this claim, plaintiffs filed written notice of claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of.

## **FACTUAL ALLEGATIONS**

12. On August 19, 2011, plaintiffs were in the vicinity of Sutter Ave and Ralph Ave, Brooklyn, NY. At approximately 11:30PM, plaintiffs were walking to their car that was parked on Sutter Ave. They were approached by the defendant officers who demanded to see their identification. Each plaintiff showed identification.

13. The defendant officers then searched each of the plaintiffs. No illegal substances were found. Despite not having probable cause, the defendant officers placed the defendants under arrest.

14. The plaintiffs were transported to the 73rd precinct. Again, they were each searched and, again, no illegal substances were found. Plaintiffs were placed in a cell, never being told what the allegations against them were, until they were taken to Central Booking.

15. Approximately 22 hours after the illegal arrest, plaintiffs were released from Central Booking without being brought before the judge. The Kings County District Attorney Office declined to prosecute the plaintiffs.

16. At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff, and agreed, shortly after the incident, not to report each others' illegal actions and to fabricate a story and falsely charge plaintiff with offenses, to justify the injuries.

17. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

## DAMAGES

18. As a direct and proximate result of the acts of defendants, plaintiffs suffered the following injuries and damages:

   a. Violation of their rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure;

   b. Violation of their right to Due Process of Law under the Fourteenth Amendment to the United Stated Constitution;

   c. Violation of their New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

   d. Violation of their New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

   e. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety and separation from family;

   f. Loss of liberty;

## FIRST CAUSE OF ACTION
(42 U.S.C. § 1983)

19. The above paragraphs are here incorporated by reference.

20. Defendants acted under color of law and conspired to deprive plaintiffs of their civil, constitutional and statutory rights to be free from unreasonable search and seizure, due process of law and familial relationships pursuant to the First, Fourth and Fourteenth Amendments to the United States Constitution, and are liable to plaintiffs under 42 U.S.C. §1983.

21. Defendants falsely arrested plaintiffs and failed to intervene in each other's obviously illegal actions.

22. Plaintiffs have been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
(MUNICIPAL AND SUPERVISORY LIABILITY)

23. The above paragraphs are here incorporated by reference.

24. The City is liable for the damages suffered by plaintiffs as a result of the conduct of their employees, agents, and servants, in that, after learning of their employees' violation of plaintiffs' constitutional rights, they failed to remedy the wrong; they have created a policy or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event.

25. The City has been alerted to the regular use of false arrests by its police officers, but has nevertheless exhibited deliberate indifference to such false arrests; that deliberate indifference caused the violation of plaintiffs' constitutional rights in this case.

26. The aforesaid event was not an isolated incident. The City has been aware for some time, from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial rulings suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of their police officers stop and frisk citizens without reason, use excessive force, unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obviously illegal actions of their fellow officers. Nevertheless, the City has allowed policies and practices that allow the aforementioned to persist.

27. For example, the well documented failures of the Civilian Complaint Review Board ("the CCRB"), a City agency, to substantiate obviously meritorious citizen complaints have gone

uncorrected. The CCRB regularly finds complainants lack credibility based on the fact that such complainants have also brought lawsuits to remedy the wrongs they have experienced, a practice that often results in not substantiating the most serious charges brought to them. In addition, the CCRB virtually never initiates their own findings of false statements against officers who have made false statements to the CCRB in their own defense, nor do they initiate findings that officers have failed to report their fellow officers' misconduct; thus, officers have no real incentive to come forward, or to testify truthfully at the CCRB. The CCRB has no enforcement mechanisms once making a finding against an officer; it can only make recommendations to the NYPD, once finding misconduct by an officer.

28. The NYPD, once receiving a substantiated complaint by the CCRB, fails to adequately discipline officers for misconduct. The NYPD Department Advocate, which is endowed with the responsibility of following up on substantiated CCRB charges, is understaffed and under-utilized. Furthermore, in the extraordinarily rare event that the CCRB substantiates a complaint and the Department Advocate proves the case in an internal trial against an officer, the police commissioner still maintains the power to reduce the discipline against such an officer.

29. Further, the City has no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper search and seizure practices and incredible testimony go uncorrected. Additionally, according to a report of the New York City Bar Association issued in 2000, the City has isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions. Alan Hevesi, as New York City Comptroller, in 1999 reported that there was a "a total disconnect" between the settlements of even substantial civil claims and

police department action against officers.

30. The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action. This failure and these policies caused the officers in the present case to violate plaintiffs' civil rights, without fear of reprisal. Furthermore, although the City has been on notice, through plaintiffs' complaints to the CCRB from the first day of the incidents complained of, the City has failed to remedy the wrong.

31. Plaintiffs have been damaged as a result of the deliberate indifference of the City to the constitutional rights of the City's inhabitants.

### THIRD CAUSE OF ACTION
(ASSAULT)

32. The above paragraphs are here incorporated by reference.

33. Defendants made plaintiffs fear for their physical well-being and safety and placed them in apprehension of immediate harmful and offensive touching.

34. Plaintiffs were damaged by defendants' assault.

### FOURTH CAUSE OF ACTION
(FALSE ARREST AND ILLEGAL IMPRISONMENT)

35. The above paragraphs are here incorporated by reference.

36. Defendants subjected plaintiffs to false arrest, false imprisonment, and deprivation of liberty without probable cause.

37. Defendants intended to confine plaintiffs.

38. Plaintiffs were conscious of the confinement and did not consent to it.

39. As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiffs were damaged.

## FIFTH CAUSE OF ACTION
(CONSTITUTIONAL TORT)

40. All preceding paragraphs are here incorporated by reference.

41. Defendants, acting under color of law, violated plaintiffs' rights pursuant to §§6 and 12 of the New York State Constitution.

42. A damages remedy here is necessary to effectuate the purposes of §§6 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiffs' rights under those sections.

## SIXTH CAUSE OF ACTION
(RESPONDEAT SUPERIOR)

43. The preceding paragraphs are here incorporated by reference.

44. Defendants' intentional tortious acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

45. As a result of defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant City of New York, plaintiffs were damaged.

## SEVENTH CAUSE OF ACTION
(NEGLIGENT HIRING AND RETENTION)

46. The above paragraphs are here incorporated by reference.

47. Defendant officers had a bad disposition and the City knew or should have known of facts that would have led reasonable and prudent people to further investigate the defendant officers' bad dispositions through the hiring and retention process.

48. Defendants knew or should have known that their failure to investigate defendant officers' bad dispositions would lead to plaintiffs' injuries.

49. Defendants were negligent in their hiring and retaining the officers involved in this case

in that they knew or should have known of the officers' propensity to use excessive force and to make false arrests.

50. The injuries to plaintiffs were caused by the officers' foreseeable baseless stop and frisk and false arrests.

WHEREFORE, plaintiffs demand judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiffs in an amount to be determined by a jury for each of plaintiff's causes of action;

B. Awarding plaintiffs punitive damages in an amount to be determined by a jury;

C. Awarding plaintiffs reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

### JURY DEMAND

Plaintiffs demand a trial by jury.

DATED:   Brooklyn, New York
         June 14, 2012

TO:   New York City
      Corporation Counsel Office
      100 Church Street, 4th floor
      New York, NY  10007

      Officer Dorrejo
      73rd Precinct
      1470 East New York Avenue
      Brooklyn NY 11212

      Officer Carlos Anton
      PBBN
      179 Wilson Ave.
      Brooklyn NY 11237

Very truly yours,

Stoll, Glickman & Bellina, LLP
By: Nicole Bellina
Attorney for Plaintiff
475 Atlantic Ave. 3rd Fl.
Brooklyn, NY  11217
(718) 852-3710
nicole_bellina@yahoo.com

9